UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**ALEX FRIED,**

    Plaintiff,

v.

**ELITE TECH SERVICES LLC,** a Foreign limited liability company**,**
**YOHNATHAN YOSSEF,** individually, and
**GADI ZANA**, individually,

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, ALEX FRIED ("Plaintiff"), by and through the undersigned counsel, hereby brings this action against Defendants, ELITE TECH SERVICES LLC., a Foreign limited liability company, YOHNATHAN YOSSEF, individually, and GADI ZANA, individually, (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").  Plaintiff seeks unpaid minimum wages, unpaid overtime wages, liquidated damages, and reasonable attorney's fee and costs from Defendants.

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*  The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Broward County, Florida, and the Defendants are Florida corporations who transact business in Broward County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendants in approximately December 2017, and worked nonconsecutively for Defendants as "Dispatch", until approximately April 2021.

4. At all times material, Plaintiff was an employee of Defendants within the meaning of the FLSA.

5. Defendant, ELITE TECH SERVICES, LLC., is a Foreign corporation formed and existing under the laws of the State of Washington, and at all times during Plaintiff's employment, Defendant, ELITE TECH SERVICES, LLC., was an employer as defined by 29 U.S.C. §203(d).

6. At all times relevant, the Defendant, JOHNATHAN YOSSEF, was an individual resident of the State of California, who owned and/or operated ELITE TECH SERVICES, LLC., where Plaintiff was employed. Defendant, JOHNATHAN YOSSEF, is involved in the day-to-day opertation of Defendant ELITE TECH SERVICES, LLC. Defendant JOHNATHAN YOSSEF interviewed and hired Plaintiff, and was responsible for the supervision and control of Plaintiff's work. Defendant JOHNATHAN YOSSEF, acted and acts directly in the interests of Defendant ELITE TECH SERVICES, LLC. in relation to its employees, and thus, Defendant JOHNATHAN YOSSEF, was

and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7. At all times relevant, the Defendant, GADI ZANA, was an individual resident of the State of California, who owned and/or operated ELITE TECH SERVICES, LLC., where Plaintiff was employed. Defendant, GADI ZANA, is involved in the day-to-day opertation of Defendant ELITE TECH SERVICES, LLC. Defendant GADI ZANA interviewed and hired Plaintiff, and was responsible for the supervision and control of Plaintiff's work. Defendant GADI ZANA, acted and acts directly in the interests of Defendant ELITE TECH SERVICES, LLC. in relation to its employees, and thus, Defendant GADI ZANA, was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

8. Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

9. Throughout Plaintiff's employment with Defendants, Defendant ELITE TECH SERVICES, LLC was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

10. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant ELITE TECH SERVICES, LLC, including their many d/b/a companies, having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00), within the meaning of Sections 203(r) and (s) of the FLSA. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

11. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff performed services for Defendants for which no provision were made by the

Defendants to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

12. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendants.

13. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff.

14. Defendants did not pay the minimum wage to Plaintiff in all weeks worked by Plaintiff on behalf of Defendants.

15. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

## COUNT I
## FEDERAL MINIMUM WAGE

16. Plaintiff, ALEX FRIED, realleges and incorporates herein the allegations contained in paragraphs 1-15.

17. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, ALEX FRIED, demands judgment against the Defendants, jointly and severally, for the following:

   (a)   Unpaid minimum wages found to be due and owing;

   (b)   An additional amount equal to the minimum overtime wages found to be due and

      owing as liquidated damages;

    (c)    Prejudgment interest in the event liquidated damages are not awarded;

    (d)    A reasonable attorney's fee and costs; and

    (e)    Such other relief as the Court deems just and equitable.

## COUNT II
### RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff, ALEX FRIED, re-alleges and incorporates herein the allegations contained in paragraphs 1-15.

19. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

20. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

21. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

22. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, ALEX FRIED, demands judgment against the Defendants, jointly and severally, for the following:

    (a)    Unpaid overtime wages found to be due and owing;

    (b)    An additional amount equal to the minimum overtime wages found to be due and

   owing as liquidated damages;

 (c) A reasonable attorney's fee and costs; and

 (d) Such other relief as the Court deems just and equitable.

## COUNT III
## RETALIATION IN VIOLATION OF THE FLSA

23. Plaintiff, ALEX FRIED, realleges and incorporates herein the allegations contained in paragraphs 1-10, 15.

24. Plaintiff made formal oral complaints regarding not being paid overtime wages to Defendants.

25. The aforementioned complaints constituted protected activity under the FLSA. 29 U.S.C. §215(a)(3).

26. Plaintiff was immediately, in retaliation to the oral complaints, was terminated from his employment with Defendants.

27. Defendants had no legitimate or lawful reason for preventing Plaintiff's ability to work in response to the aforementioned complaints.

28. Defendants' actions violated the anti-retaliation provision of the FLSA. 29 U.S.C. §215(a)(3).

WHEREFORE, Plaintiff, ALEX FRIED, demands judgment against the Defendants, jointly and severally, for the following:

 (a) Find that Defendants intentionally retaliated against Plaintiff in violation of the FLSA;

 (b) Order such injunctive and equitable relief that will make Plaintiff whole for the above violations,

  (c) Award Plaintiff compensatory and punitive damages;

  (d) Order such injunctive and equitable relief necessary to prevent future violations;

  (e) Award Plaintiff his reasonable attorney's fees, costs, and expenses; and,

  (f) Grant such other relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

29. Plaintiff demands a jury trial on all issues so triable.

DATED:  August 18, 2021

              Respectfully submitted,

              MILITZOK LAW, P.A.
              *Attorney for Plaintiff*
              8958 W. State Road 84, #1036
              Fort Lauderdale, Florida 33324
              (954) 780-8228 - Telephone
              (954) 719-4016– Facsimile
              bjm@militzoklaw.com

              By: /s/ Brian Militzok
              BRIAN J. MILITZOK, ESQ
              Fla. Bar No.: 0069993